GODFRIED GUTBRODT, BY HIS NEXT FRIEND, CHARLES GUTBRODT, CHARLES GUTBRODT AND ANNIE GUTBRODT, PLAINTIFFS, v. WILLIAM G. WHERRY, DEFENDANT.

Submitted January term, 1930—Decided July 17, 1930.

Before Justices Trenchard, Lloyd and Case.

For the rule, *Turner & Stalter*.

*Contra, William F. McCloskey*.

Per Curiam.

Application for a rule for new trial having been made to the Circuit Court judge who tried the case and refused, the defendant makes a like application to this court, urging as grounds therefor that the verdicts were against the weight of the evidence on the liability of the defendant, that they were excessive in amount, and that trial errors were committed in the conduct of the case.

The verdicts, $30,000 in favor of Annie Gutbrodt, the woman plaintiff, and $5,000 in favor of Godfried Gutbrodt, a child ten years of age, were awarded for personal injuries received in an automobile collision between the car in which they were riding and the car of the defendant.

While the verdict in favor of Mrs. Gutbrodt is large, we cannot say that it was more than was fairly justified by the proofs. The injuries to Mrs. Gutbrodt, as proved, consisted of a broken arm, injuries to the neck which left a large scar,

inability to rest, sleeplessness and what was described by the physicians as a double sight which causes her to stagger in walking. Mentally she is left in a weakened condition with loss of memory and is described as unfit to take her place in society or to become a mother. Such a condition, if believed by the jury to exist, presented a serious case of physical impairment and mental disturbance which were not improperly appraised as represented in the verdict.

The verdict in favor of the child was justified by the proofs. The proofs established the loss of a number of teeth and a broken jaw, which caused a distortion of the face, changing his physical appearance. We cannot say that $5,000 was excessive.

On the question of liability the case was clearly one for the jury and on the evidence produced the jury's finding should not be disturbed. It was shown that the parties were driving in opposite directions along the Lincoln Highway between Lawrenceville and Princeton. A collision occurred due, it was claimed, to the defendant swerving his car from its proper side of the highway to the side on which plaintiffs were proceeding. The facts themselves and the proof to sustain them were peculiarly jury questions, and we cannot say that the result reached was unjustified.

The remaining grounds consist of alleged trial errors and call for no special mention. Our examination leads us to the view that none of them are substantial.

It would serve no useful purpose to grant a rule and further extend litigation. The application is therefore denied.